The Honorable Alicia L. Salisbury State Senator, Twentieth District 1455 S.W. Lakeside Drive Topeka, Kansas 66604
Dear Senator Salisbury:
As senator for the twentieth district you inquire whether the Kansas highway patrol or another similar state agency may serve as an approval authority for motor vehicle accident prevention courses under K.S.A. 1992 Supp. 40-1112a.
The statute requires insurance companies to provide an appropriate reduction in premium rates for certain motor vehicle insurance policies. The rates, rating schedules, or rating manuals filed with the insurance department must provide a reduction for a two year period after the principal operator of a covered vehicle successfully completes a motor vehicle accident prevention course that is "approved by the national safety council or a governmental agency such as the state board of education." K.S.A. 1992 Supp. 40-1112a, subsection (a).
You indicate that the national safety council sponsors a defensive driving course but does not approve any other course. The state board of education (listed as an approval authority in the statute) has declined to approve courses. In order to determine whether the Kansas highway patrol qualifies as a "governmental agency such as the state board of education" we must interpret the statute. The interpretation of a statute is a matter of law and it is the function of the court to interpret a statute to give it the effect intended by the legislature.Todd v. Kelly, 251 Kan. 512, 515 (1992) citing State ex rel. Stephan v.Kansas Racing Comm'n, 246 Kan. 708, 719 (1990). While the language of the statute does not appear ambiguous, a statute may not be read in isolation, but rather should be considered in connection with other provisions of the act in which the statute appears. Todd at 517.
The purpose of the statute in question is to provide a financial incentive (by reducing insurance rates) to principal operators who complete a motor vehicle accident prevention course every two years. K.S.A. 1992 Supp. 40-1112a, subsections (a) and (e). The statutorily mandated premium reduction required by subsection (a) may be conditioned on the insured not being involved in an accident, nor convicted of more than one moving violation for a two year period after the course completion in order to maintain the insurance rate discount. K.S.A. 1992 Supp. 40-1112a, subsection (b). This discount does not apply if the accident prevention course is required by an administrative order or court order. K.S.A. 1992 Supp. 40-1112a, subsection (d). The statute is a small part of a scheme of rate regulation, the purpose of which is to promote the public welfare by regulating insurance rates and authorizing and regulating cooperative action among insurers. K.S.A. 40-1111.
We must therefore interpret the phrase in question in light of the act's overall purpose discussed above. The phrase "course approved by the national safety council or a governmental agency such as the state board of education" leaves no doubt that the legislature had other agencies in mind and used the state board of education as an example of an authorized agency. Legislative history supports this interpretation. A perusal of the statutes' legislative history indicates that the statute (1991 Senate Bill No. 217) was amended in order to eliminate "any fly-by-night" types of courses. Minutes of the Senate Committee on Financial Institutions and Insurance, March 5, 1991.
As an example of a legitimate approving authority the legislature used the state board of education. The state board of education approves driver training schools and licenses them pursuant to the drivers' training school license act, K.S.A. 8-273 et seq. The state board is a logical example of an agency that can differentiate legitimate defensive driving courses from fly-by-night operations whose safety courses are questionable. Similarly the Kansas highway patrol (KHP) is responsible for aspects of vehicle and motorist safety and in our judgment would have the resources to determine what courses are legitimately safety courses.See K.S.A. 8-1611 (accident investigation); K.S.A. 74-2110 (safe traffic movement); K.S.A. 74-2105 (primarily responsible for the enforcement of traffic laws).
For the foregoing reasons it is our opinion that the Kansas highway patrol is a governmental agency which may serve as an approval authority for motor vehicle accident prevention courses under K.S.A. 1992 Supp.40-1112a. We note that our analysis must be made on a case by case basis and is limited to the Kansas highway patrol.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm